**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROY TINGLING,

Plaintiff, Case No.: 1:16-CV-21201-FAM

v.

NAVIENT SOLUTIONS, INC.,

Defendant.
_______________________________/

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PROPERLY RESPOND TO DISCOVERY**

Plaintiff, Roy Tingling ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 37(a) and S.D. Local Rule 26.1(g)(2), respectfully requests this Court for an order compelling Defendant, Navient Solutions, Inc., ("Defendant"), to properly respond to Plaintiff's Interrogatories, Request for Admissions and Request for Production of Documents, and for cause therefore would state the following:

**I.** ***Introduction and Procedural Background***

Plaintiff has sued Defendant asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Plaintiff filed his Complaint on April 5, 2016 asserting that Defendant placed calls to Plaintiff's cellular telephone in an attempt to collect a consumer debt [D.E. 1]. As put forth in the Complaint, Defendant continued to call Plaintiff's cellular telephone despite numerous requests for the calls to cease. This Court entered a scheduling order on May 16, 2016 [D.E. 11]. Pursuant to the Court's scheduling order the deadline to complete all discovery is August 12, 2016. On May 17, 2016, Plaintiff propounded interrogatories, requests for admissions and requests for production upon counsel for Defendant (Attached hereto as

Exhibit 'A'). On June 15, 2016, Defendant requested and was granted a two-week (14 days) extension to furnish responses to all outstanding written discovery on or before June 30, 2016 (Attached hereto as Exhibit 'B'). On June 21, 2016, Plaintiff's office served a good faith request on Defendant to provide responses on or before June 30, 2016 (Attached hereto as Exhibit 'C'). On June 29, 2016 Defendant requested and was given an additional two-week extension to provide responses to Plaintiff's discovery submission on or before July 15, 2016 (Attached hereto as Exhibit 'D'). Despite the thirty (30) day extension granted to Defendant for responses to Plaintiff's discovery, Defendant has failed to provide proper responses to all written discovery submissions. Overall Defendant has illustrated a stance of obstinacy to participate in or respond to Plaintiff's discovery requests and depositions in good faith efforts to resolve the aforementioned matters.

**II. *Legal Standard***

The Federal Rules state that, the party upon whom the Interrogatories, Requests for Admissions and Requests for Production are served shall serve a written response within 30 days after the service of the request. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Under Federal Rule 26, the information sought in discovery need not itself be admissible; instead, to be the proper basis of a discovery request it must only be likely to lead to the discovery of admissible evidence. If the serving party does not receive a proper response to their discovery requests, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. *Commercial Union Insurance Co. v. Westrope,* 730 F.2d 729, 731 (11th Cir. 1984). S.D. Local Rule 26.1(g)(2) does not require the moving party on a motion to compel to state: (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection; and (D) the reasons assigned

as supporting the motion as it relates to that specific item for each separate interrogatory, request for production, and request for admission when general or blanket objections are made by the non-complying party.

### III. *Failure to Properly Respond to Discovery*

Defendant has failed to properly respond to Plaintiff's Request for Production of Documents No.'s 1 through 23 (Attached hereto as Exhibit 'E'). Defendant has responded to each and every one of Plaintiff's Requests for Production with the following statement and blanket objections:

> **NSI objects to this Request as this lawsuit is subject to arbitration and not subject to discovery under the federal rules of civil procedure. NSI further objects to this request as overbroad, vague and ambiguous, seeking information irrelevant to the allegations and not likely to lead to the discovery of admissible evidence and seeking confidential, proprietary business documents that belong to NSI.**

Plaintiff seeks in its Requests for Production, among other things, documents commonly referred to as, "policy manuals, instructions, notes, guidelines, procedure manuals" commonly referred to as "manuals", as well as documents evidencing to collection data such as "names, addresses, telephone numbers, current employers or current whereabouts of each employee who engaged" in the collection process that are relevant to the numerous telephone calls placed by the Defendant to the Plaintiff, which are at issue in this case. Further, Plaintiff seeks documents commonly referred to as "call logs", "account notes" and "dialer manuals" that are relevant to the numerous telephone calls placed by the Defendant to the Plaintiff.

Defendant has also failed to properly respond to Plaintiff's Interrogatories No.'s 1 through 25 and Plaintiff's Requests for Admissions No.'s 1 through 49 (Attached hereto as Exhibits 'F' and 'G'). Again, Defendant has responded with the same statement and blanket objections to every request:

> **NSI objects to this Request as this lawsuit is subject to arbitration and not subject to discovery under the federal rules of civil procedure. NSI further objects to this request as overbroad, vague and ambiguous, seeking information irrelevant to the allegations and not likely to lead to the discovery of admissible evidence and seeking confidential, proprietary business documents that belong to NSI.**

With regard to Plaintiff's Interrogatories and Requests for Admissions, Plaintiff has only made inquires into areas that are relevant to the asserted violations in the complaint - the TCPA and the FCCPA. Specifically, Plaintiff has asked Defendant, among other things, to describe in detail all communications between the parties, to identify any automatic telephone dialing system used by Defendant, and to describe procedures used to avoid violating the TCPA and the FCCPA. Again, Defendant has not given proper responses to these discovery requests and has made the same boilerplate objections on every response.

Defendant has not provided proper responses to Plaintiff's discovery submissions and has produced *no* documents responsive to these requests. Such responses and documents are relevant to Plaintiff's claims as they are directed toward the issues in the complaint. In sum, with regard to written responses and the production of documents, Plaintiff is entitled to receive all the evidence possessed by the Defendant, which is calculated to lead to the discovery of admissible evidence and is related to the subject matter of this litigation. The call logs, call notes, account notes, and dialer manuals for the relevant time period are clearly relevant to the subject matter of this litigation. Additionally, Insurance policies covering the claims made in the complaint, corporate documents regarding document retention, employees, TCPA and FCCPA compliance, organizational charts, collection agreements, servicing agreements, etc… are all relevant to discovery in this lawsuit.

Many of the responses and documents requested, which Defendant failed to provide are of paramount importance in primarily deciding whether treble damages are warranted under the

TCPA. The Plaintiff has asserted that he informed the Defendant to stop calling his cellular telephone, yet the calls continued. The TCPA provides that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

In *Harris v. World Financial Network National Bank*, 867 F. Supp. 2d 888 (E.D. MI 2012), the Defendant was placing telephone calls to an individual in error, upon being notified by the Plaintiff, the Defendant ceased calling on one account but continued calling on other accounts. The Court found that "Defendant's continuous phone calls regarding the other two accounts constitute willful violations of § 227(b)(1)(A). At that point, Defendants where put on notice." The Court further went on to say that "When a third-party, that is, a person who is not the actual debtor on the past due account, notified Defendants that they have the wrong number for an account, it is Defendants policy to remove the phone number from that account only." The Defendants' actions in *Harris* ultimately caused the Court to "award triple damages, pursuant to 47 U.S.C. § 227(b)(3) for the phone calls Defendants placed to Plaintiff's cellular phone after August 23, 2010 – the date on which Plaintiff first notified Defendants that they had the wrong number." The actions of Defendant and whether or not treble damages are appropriate, would be clarified by the production of Defendant's policies and procedures as described above.

**IV. *Legal Authority***

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). The information sought by Plaintiff's

discovery requests are necessary to the proper preparation and prosecution of the Plaintiff's case, "[t]he discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve previous judicial energies. The United States Supreme Court has said they are to be broadly and liberally construed." *Callaway v. Papa John's USA, Inc.* 09-61989-CIV-ZLOCH, 2010 WL 4024883 (S.D. Fla. 2010) citing *Hickman v. Taylor*, 507. Defendant's failure to respond properly to Plaintiff's discovery is calculated to and does defeat, impede, impair and prejudice the Plaintiff in the prosecution of his case.

By design, discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. *United States v. Currency, $19,010.00*, 3:06-cv-112-J-20TEM, 2008 WL 1744727 (M.D. Fla. 2008). "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F. 3d 363 (11th Cir. 1996). Defendant's evasive responses and unwillingness to participate in good faith discovery, however, requires Plaintiff to file this instant Motion to Compel. Federal Rule of Civil Procedure 37(a)(4). In order to obtain proper responses and all of the responsive documents, Plaintiff wishes to compel Defendant to respond to discovery.

## V. *Conclusion*

Defendant has not properly responded to all of Plaintiff's written discovery requests nor has Defendant offered any responsive documents. Specifically, Defendant has made the exact same statement and blanket objections to Plaintiff's Requests for Production, Interrogatories, and

Requests for Admissions. Because Defendant has not provided proper responses to discovery requests, Plaintiff ability to litigate the instant action has been hindered. Because of the foregoing, Plaintiff respectfully asks this Court to compel Defendant to submit proper responses to all outstanding written discovery and to furnish all request documents.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

The undersigned attorney certifies that this motion is filed in compliance with S.D. Local Rule 7.1(a)(3), in that on July 18, 2016, the movant conferred with Defendant care of counsel, and Defendant opposes the instant motion.

Date: July 18, 2016

Respectfully submitted,

By:/s/ *Christopher Legg*

Christopher Legg, Esq.
Florida Bar No. 44460
CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Telephone: 954-962-2333
Facsimile: 954-927-2451
ChrisLeggLaw@gmail.com

Matthew Buchwald, Esq.
Florida Bar No. 23112
P.O. Box 547266
Surfside, FL 33154
Telephone: 305-788-2680
mattbuchwald@gmail.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/ or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

Service List:

Rachel Morris, Esq.
Florida Bar No. 0091498
Dayle Vanhoose, Esq.
Florida Bar No. 16277
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3350 Buschwood Park Dr., Ste. 195
Tampa, FL 33618
ramorris@sessions-law.biz
dvanhoose@sessions-law.biz

*Attorneys for Defendant*

By: */s/ Christopher Legg*
Christopher W. Legg, Esq.